IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARTIN ALVAREZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv594 |
| JAMES DANHEIM, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Martin Alvarez, Jr., proceeding *pro se*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against James Danheim, Sergeant Alexander, Henry Adams, David Rogers, Tabitha Canady, and Lieutenant Harvit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

Plaintiff filed the above-styled action on December 13, 2021. While initially requesting to proceed on an *in forma pauperis* basis, Plaintiff paid the full $402.00 filing fee on July 25, 2022. Accordingly, on July 26, 2022, the Clerk was directed to deliver summonses to Plaintiff to serve the Defendants in accordance with Federal Rule of Civil Procedure 4.

Plaintiff neither served the Defendants within the time provided by Rule 4 nor did he show good cause for failing to do so. However, on October 27, 2023, Plaintiff requested an extension of time in which to serve the Defendants. Plaintiff claimed additional time was needed to serve the Defendants due to his relocation to another facility. On October 31, 2022, Plaintiff was granted an additional fifteen days in which to serve the Defendants. Additionally, Plaintiff was warned that his failure to properly serve the Defendants or show good cause for failing to effect service within fifteen (15) days from the date of the order could result in dismissal of his lawsuit.

Plaintiff again failed to serve the Defendants within the time provided or show good cause for failing to do so. However, on November 21, 2022, Plaintiff requested additional time in which

to serve the Defendants due to an alleged lack of resources and due to relocation to a facility other than where the Defendants are employed. On November 29, 2022, Plaintiff was granted an additional sixty (60) days in which to serve the Defendants or show good cause for failing to do so. Plaintiff was again warned that failure to properly serve the Defendants or show good cause for failing to effect service within sixty (60) days may result in the dismissal of this action without further notice.

On December 8, 2022, Plaintiff filed copies of summonses purportedly executed against Defendants Rogers, Canady, and Danheim. (ECF Nos. 34 and 35).

On February 7, 2023, the Defendants filed a motion to dismiss Plaintiff's complaint pursuant to 12(b)(5).[1] Plaintiff filed no response to the Defendants' motion. This Report considers such motion.

## The Defendants' Motion to Dismiss

The Defendants have filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 39). Defendants state that Plaintiff failed to properly effect service on Defendants Danheim, Adams, Rogers, and Canady. The Defendants contend Plaintiff has failed to comply with the requirements of Rule 4 and has failed to invoke the court's personal jurisdiction over any of the defendants.

## Analysis

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss an action for "insufficient service of process." FED. R. CIV. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016 (1994) (district court has broad discretion to dismiss an action for ineffective service of process). ""[T]o achieve proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the

---

[1] The Defendants also contend that the arguments asserted should apply equally to Defendants Alexander and Harvit. A review of the docket reveals Plaintiff has shown no attempt at service for such defendants. Any unserved officials are entitled to the benefit of the appearing defendants' defense asserted in a favorable dispositive motion establishing plaintiff has no cause of action. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *McCarty v. Zapata County*, 243 F. App'x 792 at *2 (5th Cir. 2007); *Salter v. United States*, 2010 WL 796588 (E.D. Tex. Mar. 8, 2010). Therefore, the complaint should also be dismissed as to any unserved defendants in this case.

Federal Rules of Civil Procedure." *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 748-749 (W.D. La. 2000).

    Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

    *Pro se* status does not excuse a litigant's failure to effect service. *Systems Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff bears the burden of proving good cause for failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Furthermore, the dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).

    The Defendants assert that Plaintiff has failed to show he achieved service in accordance with either the Federal or Texas rules. Specifically, the Defendants contend that the returns of service filed in this case show only the summons issued by the clerk was served on Defendants Danheim, Rogers, and Canady. Additionally, the Defendants contend Plaintiff has failed to show the person listed as the sender of the attempted service is an individual authorized to serve process under Texas law. Further, the Defendants contend the returns of service fail to contain the required information such as a description of what was served or return receipts containing the addressee's signatures. Accordingly, the Defendants assert that Plaintiff's claims against them should be dismissed pursuant to FED. R. CIV. P. 12(b)(5) for insufficient service of process.

    Additionally, the Defendants move to dismiss Plaintiff's complaint against them for failing to timely serve the Defendants.[2] The Defendants state that Plaintiff still has not properly served any

---

[2] In the subheading for this ground for dismissal the Defendants refer to Defendants Paxton, Lindsey, and the Office of the Attorney General for the State of Texas who are not defendants in this action. The undersigned interprets this reference to be no more than a typographical error or oversight.

Defendant and is now well outside of the 90 day period permitted by Rule 4(m). Indeed, as of today's date, Plaintiff has had more than a year to serve the Defendants and has failed to do so.

Rule 4(e) of the Federal Rules of Civil Procedure states that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and a copy of the complaint to the individual personally or by leaving such documents at the individual's dwelling or usual place of abode or by delivering such documents to any agent authorized to receive service of process. Rule 106 of the Texas Rules of Civil Procedure authorizes service by registered or certified mail, return receipt requested. However, Rule 107 of the Texas Rules of Civil Procedure states that when the citation was served by registered or certified mail, the return must contain the return receipt with the addressee's signature. Further, Rule 103 of the Texas Rules of Civil Procedure states that no person who is a party to or interested in the outcome of a suit shall serve any process.

Based on the information before the court, Plaintiff has failed to satisfy his burden of proof regarding service of any of the Defendants in this action. Plaintiff has failed to show that an authorized person achieved proper service of process on the Defendants either in person or by certified mail in accordance with the applicable rules. Further, Plaintiff has been granted two previous extensions of time and he has had more than a year to accomplish service, but he has failed to either properly serve the Defendants or show good cause for failing to do so. Accordingly, the Defendants' motion to dismiss should be granted, and Plaintiff's complaint should be dismissed.

### Recommendation

The Defendants' motion to dismiss should be granted. Plaintiff's complaint should be dismissed.

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 17th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge